

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 29, 1970

Dr. Nelson F. Waldman, Chairman
Texas Optometry Board
710 Fannin Street
Houston, Texas 77002

Opinion No. M-565

Re: Authority of Texas Optometry
Board to pay its executive
secretary actual travel ex-
penses when attending Board
meetings or in the perfor-
mance of actual duties away
from home office.

Dear Dr. Waldman:

Your request for an opinion asks the following question:

"Our question is whether or not the Texas
Optometry Board has the authority, based on
the fact situation above presented, to pay to
its general office manager actual travel ex-
penses when such individual is attending Board
meeting or is on Board business, in the per-
formance of her actual duties, or whether
such expense reimbursement must be based on
the prevailing State per diem."

The individual involved is designated in the Appro-
priation Act and carried on the payroll of the Texas Optometry
Board as its "Executive Secretary." The facts concerning the
individual involved are set out in your request as follows:

". . . She serves as our general office
manager; she is the finance officer for the
Board, being charged with the responsibility
of the initial preparation of the budget and
the handling of all finances through the
Board's office; she is responsible for cor-
respondence addressed to the Board and seeing
that correspondence is either properly answered
or channeled to the appropriate Board member
in their respective capacities as committee
chairmen, for proper answer.

-2701-

"More vitally important to the instant question, however, is our absolute need to have her in attendance at each of our Board meetings, some of which are held outside of Austin for various reasons, not the least of which is that the giving of examinations by the Board must necessitate the utilization of the facilities of the college of Optometry at the University of Houston, in Houston, Harris County, Texas. Her attendance at these Board meetings and examination meetings is imperative. Her responsibility, in addition to the above mentioned, include the preparation of the agenda for the Board, briefing the Board on current problems which have come into the Board's office in Austin during the interim, and apprising the Board of the day to day operations over which she has the initial authority. Not only does she take the minutes of the Board meeting, but her tasks include making all necessary arrangements and preparations for the examinations of applicants, and indeed, the multitude of tasks necessary to assist the Board in the giving of examinations to such applicants.

"There is sufficient money in the Board's appropriated funds for the payment of actual travel expenses to this Board employee."

The appropriation to the Optometry Board contained in House Bill 2 (Acts of the 61st Legislature, 2nd C.S., 1969) for the biennium ending August 31, 1971, appropriates money for the compensation of Board members, Executive Secretary and investigator. Items 5 and 6 read as follows:

|  | "For the Years Ending |  |
|---|---|---|
|  | August 31, 1970 | August 31, 1971 |
| "5. Travel, Board Members | $ 6,000 | $ 6,000 |
| "6. Travel, Executive Secretary and Investigator | 4,000 | 4,000" |

Section 14 of Article V of House Bill 2 prescribes the travel expenses authorized for State employees. Section 16 prescribes an exception to the allowance rates. Subdivision (a) of Section 16 reads as follows:

"a. Judicial officers authorized by law and executive heads of State agencies, including the Executive Director of the Legislative Council, shall be reimbursed for their actual meals, lodging and incidental expenses (exclusive of expenses related to automobiles for which transportation allowance is paid as provided by Section 14a. of this Article) when traveling on official business either in or out of the State."

"Executive heads of state agencies" as used in Section 16a, quoted above, is the same as "heads of state agencies", as defined in Section 2 of Article 6823a, Vernon's Civil Statutes. See Attorney General's Opinions C-510 (1965) and C-477 (1965). Section 2 of Article 6823a reads as follows:

"Sec. 2. The provisions of this Act shall apply to all officers, heads of state agencies, and state employees. Heads of state agencies shall mean elected state officials, excluding members of the Legislature who shall receive travel reimbursement as provided by the Constitution, appointed state officials, appointed state officials whose appointment is subject to Senate confirmation, directors of legislative interim committees or boards, heads of state hospitals and special schools, and heads of state institutions of higher education."

Under the facts submitted, it is our opinion that the Executive Secretary of the Optometry Board is not the executive head of the Texas Optometry Board and does not therefore fall within the exception of Section 16 above quoted. You are therefore advised that the Executive Secretary of the Texas Optometry Board is to be paid travel expenses in accordance with the rates of allowance contained in Section 14 of Article V of House Bill 2 (Acts of the 61st Legislature, 2nd C.S., 1969), since such employee is not the executive head of the Texas Optometry Board and does not therefore fall within the exception contained in Section 16 of House Bill 2.

## SUMMARY

The Executive Secretary of the Texas Optometry Board, being an employee of the Texas Optometry Board, is to be paid travel expenses in accordance with the rates of allowance contained in Section 14 of Article V of House

Bill 2, Acts of the 61st Legislature, 2nd C.S., 1969 (current General Appropriation Act), since such employee is not the executive head of the Texas Optometry Board and does not therefore fall within the exception contained in Section 16 of House Bill 2.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman

Robert Davis
Bennie Bock
Ed Esquivel
Linward Shivers

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant